SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------X  Index No.
KINGSTONE INSURANCE COMPANY

                                                  Plaintiff,       **SUMMONS**

    -against-

                                                  Venue is based on CPLR 503.
CITIZENS BANK, N.A.,                                                 Plaintiff designates Ulster County
                                                  as the place of trial.
                                        Defendant.
-------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT:**

      **You are hereby summoned** to answer the verified complaint in this action, and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made upon you personally within the state or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: Uniondale, New York
          January 31, 2023

                                                WESTERMAN BALL EDERER MILLER
                                                ZUCKER & SHARFSTEIN, LLP
                                                By:   */s/ Todd M. Gardella*
                                                     Todd M. Gardella, Esq.
                                                     1201 RXR Plaza
                                                     Uniondale, New York 11556
                                                     (516) 622-9200
                                                     *Attorneys for Plaintiff*

TO:     Citizens Bank, N.A.
          273 Wall Street
          Kingston, New York 12401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-----------------------------------------------------------------------X
KINGSTONE INSURANCE COMPANY,            Index No.

       Plaintiff,
            **VERIFIED COMPLAINT**
- against –

CITIZENS BANK, N.A.,

       Defendant.
-----------------------------------------------------------------------X

  Plaintiff Kingstone Insurance Company ("Kingstone"), by and through its undersigned counsel, as and for its complaint herein, states as follows:

## THE PARTIES

  1. Kingstone is an insurance company organized and licensed to do business in New York, with its principal office located at 15 Joys Lane, Kingstone, New York 12401.

  2. Upon information and belief, Citizens Bank, N.A. ("Citizens") is a national banking association with its headquarters located at One Citizens Plaza, Providence, Rhode Island 02903, which does business in New York, including through branches located in New York. This action arises, in part, from Citizens' transaction of business in New York.

## VENUE

  3. Venue is proper in Ulster County under CPLR § 503 because Kingstone is a resident of this county, Citizens maintains one or more branches in this county, and the conduct giving rise to this action occurred in this county.

## FACTUAL BACKGROUND

4. At all relevant times, Kingstone maintained a commercial checking account with Citizens (the "Account") at the Citizens branch located at 273 Wall Street, Kingston, New York 12401, which account had been maintained for many years.

5. At all relevant times, Kingstone regularly deposited sums of money into the Account and maintained the Account in accordance with the terms of a depositary agreement.

6. Under the depositary agreement, Citizens promised and agreed, among other things, to hold funds deposited into the Account for the benefit of Kingstone and to pay out such funds on deposit only upon proper order of Kingstone.

7. Citizen's promises and agreements under the depositary agreement included charging Kingstone's account for drafts and other instruments only if they were properly authorized and payable.

8. During the time period in which Kingstone maintained the Account with Citizens, numerous checks containing forged signatures and indorsements and/or other fraudulent alterations were drawn against the Account without Kingstone's authorization, consent, permission or knowledge.

9. In particular, during the time period from June 2021 to July 2021, Citizens paid on thirteen (13) fraudulent and unauthorized checks, in the total amount of $118,168.05 ("Unauthorized Checks").

10. Citizens charged Kingstone's account in amounts equal to the Unauthorized Checks when they were presented for payment.

11. As a result of actions by unknown fraudsters, Kingstone suffered losses from its Account when the Unauthorized Checks were created and drawn against the Account by unknown parties.

12. The unknown parties who drafted, signed, indorsed and/or altered the Unauthorized Checks acted without Kingstone's authority, permission, consent or knowledge.

13. Kingstone never ratified nor approved the Unauthorized Checks in any way, either prior to or subsequent to their being charged against the account.

14. Kingstone's Account should not have been charged for the Unauthorized Checks because they were not properly payable and they bore forged and unauthorized signatures, indorsements and/or alterations.

15. Throughout July and August 2021, Kingstone timely reported each of the Unauthorized Checks to Citizens, giving due and timely written notice that they were fraudulent and unauthorized.

16. In or about July and August 2021, Kingston had several discussions with Citizens regarding the Unauthorized Checks, including a conversation on or about August 17, 2021, during which Kingstone's general counsel was advised that Citizens would conduct an investigation of the matter.

17. On or about August 17, 2021, Kingstone's general counsel sent a letter by email to Michael J. Paparian and Michael Duarte at Citizens following up on the aforementioned conversation and outlining the details of each of the Unauthorized Checks, as follows:

| **Check Date** | **Check Amount** | **Check Number** | **Payee** |
|---|---|---|---|
| 11/23/20 | $221.45 | 62980 | Adrian Pryshlak |
| 11/23/20 | $6.04 | 62990 | Alicia Gold |
| 6/12/21 | $4,550.96 | 62415 | Diane Wilcox |
| 6/12/21 | $4,550.96 | 62416 | Diane Wilcox |

| Date | Amount | Check # | Payee |
|---|---|---|---|
| 6/12/21 | $8,655.96 | 62417 | Richard Cantrell |
| 6/28/21 | $9,550.96 | 62426 | Ricard Cantrell |
| 6/29/21 | $13,850.96 | 62445 | Anthony Villarreal |
| 6/29/21 | $11,200.96 | 62444 | RL Power Solutions |
| 6/29/21 | $2,650.96 | 62442 | Carlos Cartagena |
| 7/7/21 | $23,850.96 | 62465 | Joseph Thomas Vandoren |
| 7/7/21 | $6,275.96 | 62466 | Antoine Day |
| 7/7/21 | $29,100.96 | 62468 | Anthony Villarreal |
| 7/13/21 | $3,700.96 | 62485 | A&L Multiservices LLC |

18. On or about August 17, 2021, Citizens sent an email to Kingstone's general counsel acknowledging the reported Unauthorized Checks and advising that fraud claims had been created for each of the Unauthorized Checks, with each fraud claim having a separate claim number.

19. To date, despite Kingstone's numerous follow-up inquiries over the course of more than seventeen months, Citizens has yet to provide Kingstone with a formal determination of the investigation or with any reimbursement for the Unauthorized Checks.

20. Several other checks had been timely reported by Kingstone as fraudulent during this same time period in the summer of 2021 and Citizens promptly credited Kingstone for those checks, as reflected in the monthly statements made available for the Account.

21. For some reason not communicated to Kingstone, Citizens has treated the Unauthorized Checks differently and has not credited the Account or otherwise provided reimbursement for them.

22. Kingstone has abided its obligations under the depositary agreement and applicable law in timely reporting each of the Unauthorized Checks as fraudulent.

23. Kingstone is entitled to reimbursement for the full amount of the Authorized Checks which were not properly paid by Citizens.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

25. Kingstone maintained funds in the Account pursuant to the depositary agreement with Citizens.

26. The depositary agreement is a valid and binding agreement and Kingstone has complied with its obligations under the depositary agreement.

27. Under the terms of the depositary agreement and according to standing banking practices, Citizens was required to debit Kingstone's Account only for items that were properly payable.

28. The Unauthorized Checks were signed, indorsed and/or materially altered by an individual or individuals who were not the holder of Kingstone's Account and who were not acting with Kingstone's authorization, consent, permission and/or knowledge.

29. Citizens charged the total amount of $118,168.05 to Kingstone's Account when it debited the Unauthorized Checks against the Account.

30. No portion of the amount of $118,168.05 has been received by Kingstone or any other person or entity for the benefit of Kingstone.

31. Citizens breached its obligations to Kingstone on at least 13 separate and discrete occasions by honoring checks drawn on Kingstone's Account that were not properly payable.

32. Citizens also breached its obligations by failing to exercise ordinary care and failing to follow commercial banking rules, regulations, standards and customs in its payment on

the Unauthorized Checks and its mishandling of its response and communication in the face of Kingstone's timely reporting of the Unauthorized Checks.

33. As a direct and proximate result of Citizens' breaches, Kingstone has been damaged in an amount to be determined at trial, but in no event less than $118,168.05, plus interest from the date of each of the improper payments.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of NY UCC § 4-401)

34. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

35. Pursuant to NY UCC § 4-401, Citizens was permitted only to debit Kingstone's Account for items that were properly payable.

36. Citizens violated NY UCC § 4-401 on at least 13 separate and discrete occasions by honoring checks drawn on Kingstone's account that were not properly payable.

37. As a direct and proximate result of the multiple breaches of the UCC, Kingstone has been damaged in an amount to be determined at trial, but in no event less than $118,168.05, plus interest from the date of each of the improper payments.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Negligence)

38. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

39. Citizens owed a duty of care to Kingstone to, at a minimum, act in accordance with accepted commercial standards and to apply a commercially reasonable standard of care in its handling of Kingstone's Account.

40. Citizens violated the duty of care owed to Kingstone by, among other things, failing to exercise ordinary care and failing to follow commercial banking rules, regulations, standards and customs in its payment on the Unauthorized Checks and its mishandling of its response and communication in the face of Kingstone's timely reporting of the Unauthorized Checks.

41. As a direct and proximate result of this breach of duty, Kingstone has been damaged in an amount to be determined at trial, but in no event less than $118,168.05, plus interest from the date of each of the improper payments.

**WHEREFORE**, plaintiff respectfully demands judgment as follows:

   a. on the First Cause of Action, damages against Citizens in an amount to be determined at trial, but in no event less than $118,168.05, plus interest and all costs, attorneys' fees and expenses;

   b. on the Second Cause of Action, damages against Citizens in an amount to be determined at trial, but in no event less than $118,168.05, plus interest and all costs, attorneys' fees and expenses;

   c. on the Third Cause of Action, damages against Citizens in an amount to be determined at trial, but in no event less than $118,168.05, plus interest and all costs, attorneys' fees and expenses;

   d. on all Causes of Action, prejudgment interest at the statutory rate, costs and reasonable attorneys' fees; and

   e. such further relief as this Court may deem just and proper.

Dated: Uniondale, New York
    January 31, 2023

          WESTERMAN BALL EDERER MILLER
          ZUCKER & SHARFSTEIN, LLP

          By:  */s/ Todd M. Gardella*
            Todd M. Gardella, Esq.
            1201 RXR Plaza
            Uniondale, New York 11556
            (516) 622-9200
            *Attorneys for Plaintiff*

Uniondale, New York 11556
(516) 622-9200
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF ULSTER )

Thomas G. Seccia, Jr., being duly sworn, deposes and says:

I am corporate secretary and general counsel of the plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
THOMAS G. SECCIA, JR.

Sworn to before me this
31 day of January 2023

_____
Notary Public

D. DANIELLE BRINK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6373373
Qualified in Ulster County
My Commission Expires 6/8/2026